UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REY GARCIA, <br>     Plaintiff, | : <br> : <br> : |
| v. | :     Case No. 3:19cv1484(MPS) |
| | : |
| DR. ILONA FIGURA, ET AL., <br>     Defendants. | : <br> : |

**RULING AND ORDER**

The plaintiff, Rey Garcia, is an inmate incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He initiated this action by filing a complaint under 42 U.S.C. § 1983 against Dr. Ilona Figura and Nurses Rose Walker and Gina Burns. On May 21, 2020, the Court granted Garcia leave to file an amended complaint to eliminate Nurse Burns as a defendant and to add five new defendants, Dr. Freston, Nurse Amy, Nurse Cara, Warden Barron and Chief of Regional Operations Kirsten Shea. *See* Am. Compl., ECF No. 14.

The allegations in the amended complaint arise from injuries that the plaintiff suffered to his left knee and right shoulder in October 2015 at Corrigan-Radgowski Correctional Institution ("Corrigan-Radgowski"). The plaintiff alleges that Drs. Figura and Freston and Nurses Amy and Cara failed to provide him with timely and adequate medical treatment for those injuries during his confinement at Corrigan-Radgowski from October 2015 to October 2018 and that Nurse Walker, Warden Barron, and Chief of Regional Operations Kirsten Shea failed to provide him with or facilitate the provision of any medical treatment for his shoulder or knee injuries during his confinement at MacDougall-Walker Correctional Institution ("MacDougall-Walker") from November 2018 to March 2020.

On October 7, 2020, pursuant to its review of the Amended Complaint under 28 U.S.C. § 1915A, the Court dismissed all state law claims and all federal claims *except* the Eighth Amendment conditions of confinement claim asserted against Nurse Amy in her individual capacity, the Eighth Amendment deliberate indifference to medical needs claims asserted against Dr. Figura, Warden Barron, Nurse Walker, and Regional Operations Chief Shea in their individual capacities, and the Eighth Amendment deliberate indifference to medical needs claim asserted against Regional Operations Chief Shea in her official capacity to the extent that the plaintiff sought injunctive relief pertaining to medical treatment for his knee and shoulder injuries. See ECF No. 18 at 22-23.[1]  Because the plaintiff paid the filing fee, the Court directed him to effect service of the amended complaint on Dr. Figura, Warden Barron, Nurse Walker, and Regional Operations Chief Shea.

The plaintiff has filed a motion to supplement the amended complaint.  For the reasons set forth below, the motion to supplement is denied and the claims that proceed against Regional Operations Chief Shea are dismissed.

I.      **Motion for Leave to File Supplemental/Amended Complaint [ECF No. 40]**

The plaintiff seeks leave to file a supplemental complaint under Rules 15(d), 5(b)(1), and 12(g)(1) of the Federal Rules of Civil Procedure.  Neither Rule 12(g), which permits the joinder

---

[1] The Court dismissed the following claims that were asserted in the amended complaint: all claims seeking monetary damages against the defendants in their official capacities; all claims for declaratory relief; all claims for injunctive relief pertaining to retaliatory transfers, cell searches, or the issuance of disciplinary reports at MacDougall-Walker; the claim for injunctive relief in the form of an order that Dr. Figura arrange for the plaintiff to receive medical treatment and physical therapy; the Eighth Amendment deliberate indifference to medical needs claim against Dr. Freston in his individual capacity; the Fourteenth Amendment due process claims against Nurse Walker and Chief of Regional Operations Shea in their individual capacities; and all state law claims. Thus, all claims against Dr. Freston and Nurse Cara have been dismissed. *Id.* at 22.

2

of different Rule 12 motions nor Rule 5(b)(1), which requires service of motions and pleadings on an attorney, provides a basis to file a supplemental complaint.

Rule 15(d) of the Federal Rules of Civil Procedure permits the district court to grant a motion to file a supplemental pleading upon "reasonable notice" and "on just terms." A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." *Id.* "A trial court has broad discretion in determining whether to grant a motion to file a supplemental [complaint] under Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010).

A district court may grant permission to file a supplemental pleading under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). "A supplemental pleading may ... be used to add additional facts or events relating to liability or to change the relief requested." *Aktiebolag v. Andrx Pharms., Inc.*, 695 F. Supp. 2d 21, 30 (S.D.N.Y. 2020) (quoting 3 James W. Moore, Moore's Federal Practice § 15.30 (3d ed. 2009)).

In deciding whether to grant a motion to supplement a pleading, a district court should consider the following factors: "undue delay, bad faith, dilatory tactics, undue prejudice to the opposing party or futility." *Id.* Thus, district courts should grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

The proposed supplemental complaint does not add any new defendants or new allegations or claims. Rather, the plaintiff appears to have withdrawn his claims against Chief of

Regional Operations Shea, including his request for injunctive relief pertaining to medical treatment, and has included 176 new paragraphs that contain arguments that he might raise in support of or in opposition to a motion for summary judgment, commentary on the conduct of the defendants, citations to case law, and references to over 600 pages of medical records that have been produced to him by the defendants.  The only named defendants in the proposed supplemental complaint are:  Dr. Ilona Figura, Warden Barron, Nurse Rose Walker, and Nurse Amy.  *See* Motion to Supplement at 1, 3.  There are no allegations regarding the conduct of defendants Figura, Barron, Walker, or Amy that are supplemental to the allegations relating to the plaintiff's confinement Corrigan-Radgowski from October 2015 to October 2018 or his confinement at MacDougall-Walker from November 2018 to March 2020.

     Because the proposed supplemental complaint does not contain allegations regarding events that occurred after the filing date of the first amended complaint, there is no basis under Rule 15(d), Fed. R. Civ. P. to permit the plaintiff to file it.  Nor is there a basis on which to permit the plaintiff to file a second amended complaint.  The additional paragraphs in the proposed amended/supplemental complaint do not clarify the Eighth Amendment claims that the Court has concluded should proceed against Dr. Ilona Figura, Warden Barron, Nurse Rose Walker, and Nurse Amy Benoit.  Furthermore, the plaintiff's attempt to reassert his Fourteenth Amendment claim regarding the processing of his medical grievances by Nurse Walker is unavailing.  The Court dismissed the Fourteenth Amendment due process claim asserted against Nurse Walker and Chief of Regional Operations Shea in the first amended complaint because the Second Circuit has held that neither state directives nor "state statutes ... create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003).  It would be futile to permit the plaintiff to reassert allegations

4

that Nurse Walker failed to properly process or respond to his informal inmate requests or formal requests for Health Services Review in accordance with State of Connecticut Administrative Directive 8.9, governing remedies for inmate health services. *See Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) (summary order) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."). Accordingly, the motion to file a supplemental or second amended complaint is denied.

## II.     Service of Amended Complaint on Chief of Regional Operations Shea

On October 14, 2020, the Court ordered the plaintiff, who paid the filing fee to commence this action, to effect service of the amended complaint on Chief of Regional Operations Kirsten Shea in her individual and official capacities. *See* ECF No. 21. On December 4, 2020, the Court granted the plaintiff an extension of time until March 1, 2021 to serve Shea in her individual and official capacities. *See* ECF No. 27. On January 29, 2021, the Court informed the plaintiff that he must serve Chief of Regional Operations Shea in her individual and official capacities on or before March 30, 2021. *See* ECF No, 32. To date, the plaintiff has failed to file a return of service indicating that Shea has been served in her official capacity or a return of service or waiver of service of summons form indicating that Shea has been served in her individual capacity. On April 26, 2021, the Court informed the plaintiff that Rule 4(m), Fed. R. Civ. P. provides that claims asserted against a defendant must be dismissed if the complaint is not served on that defendant within 90 days after the complaint is filed. The Court also notified the plaintiff that if he failed to serve a copy of the amended complaint on Chief of Regional Operations Shea in her individual and official capacities within thirty days of the date of the order, the Court would dismiss the claims asserted against Shea pursuant to Rule

4(m), Fed. R. Civ. P.  *See* ECF No. 38.

The docket reflects no return of service indicating that Chief of Regional Operations Shea has been served in either her individual capacity or her official capacity and no signed waiver of service of summons demonstrating that Shea has been served in her individual capacity. Accordingly, the Eighth Amendment claims that proceed against Chief of Regional Operations Shea in her individual and official capacities are dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

## Conclusion

The Motion to File a Supplemental or Second Amended Complaint, [**ECF No. 40**], is **DENIED**.  The Eighth Amendment claims asserted in the First Amended Complaint, [**ECF No. 14**], that the Court concluded should proceed against Chief of Regional Operations Shea in her individual and official capacities are **DISMISSED** without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.  The following claims asserted in the First Amended Complaint, [**ECF No. 14**], still proceed: the Eighth Amendment conditions of confinement claim asserted against Nurse Amy Benoit in her individual capacity and the Eighth Amendment deliberate indifference to medical needs claims asserted against Dr. Ilona Figura, Warden Barron, and Nurse Rose Walker in their individual capacities.

SO ORDERED at Hartford, Connecticut this 4th day of January, 2022.

_____/s/_____
Michael P. Shea
United States District Judge